IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TOBACCO AND WINE, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:20-CV-939-L** |
| | § | |
| **COUNTY OF DALLAS and** | § | |
| **CITY OF DALLAS,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Emergency Motion to Remand (Doc. 6), filed April 17, 2020. On April 21, 2020, Plaintiff, as allowed, filed an Amended Complaint under Federal Rule 15(a) to remove all references to the United States Constitution. After considering the Motion to Remand and pleading amendment, the court **denies** the Motion to Remand (Doc. 6), as it determines that removal of the action based on federal question jurisdiction was appropriate. The court, nevertheless, determines that the action should be remanded to state court on other grounds because consideration of the applicable factors for retaining supplemental jurisdiction over the remaining state claim convinces it that exercising supplemental jurisdiction is not warranted under the circumstances.

### I.   Factual and Procedural Background

On April 15, 2020, Tobacco and Wine, Inc. ("Plaintiff") brought this action in state court in the 193rd Judicial District Court, Dallas County, Texas, against County of Dallas ("Dallas County") and the City of Dallas ("the City") ("collectively, Defendants"). In Plaintiff's Original Petition, it asserts a regulatory takings claim as the result of the COVID-19 orders put in place by Dallas

**Memorandum Opinion and Order - Page 1**

County Judge Clay Jenkins and Defendants' actions in enforcing those orders. Plaintiff alleges that, "[b]eginning in late March 2020, code compliance officers with the City began making appearances at the bodegas [Plaintiff's businesses] and communicated to Tobacco and Wine's principal that the stores must be closed." Pl.'s Orig. Pet. ¶ 13.  Plaintiff further alleges that, on April 8, 2020, a cease and desist letter was sent to its principal that referenced Judge Jenkins' recent COVID-19 order; stated that "[i]t does not appear that Puff n Stuff Smoke Shop meets the criteria outlined in the Order"; and "threatened criminal prosecution in the event of noncompliance." *Id*. ¶ 14.

Plaintiff contends that its businesses qualify as essential businesses under Judge Jenkins' orders and should be allowed to remain open.  Plaintiff alleges that "[t]he actions of [Dallas] County and the City [of Dallas] amount to a 'regulatory taking' in that they impose restrictions that unreasonably interfere with [its] rights to use and enjoy [its] property." *Id.* ¶ 26. Plaintiff further alleges that, as a result of Dallas County's and the City's improper actions in enforcing Judge Jenkins' orders, it has had to close its businesses and is "suffering damages in the form of lost revenue." *Id.* ¶ 25.  In support of its regulatory takings claim(s), Plaintiff's Original Petition references the Fifth and Fourteenth Amendments to the United State Constitution, as well as Article I, section 17 of the Texas State Constitution.

In addition to damages, Plaintiff seeks injunctive relief to prevent Defendants from enforcing Judge Jenkins' orders while this case is pending.  Shortly before removing the action to federal court, Defendants filed a response in opposition to Plaintiff's request for injunctive relief.  Plaintiff asserts in its Motion to Remand that its request for a temporary restraining order ("TRO") was set for hearing in state court on April 16, 2020, at 2:30 p.m., and, minutes before the hearing, Defendants sent an e-mail advising Plaintiff's counsel that the case had been removed to federal

**Memorandum Opinion and Order - Page 2**

court. Plaintiff further asserts that, because Defendants' Notice of Removal had not yet appeared in the state court's electronic filing system, the hearing on the TRO was held by video conference, and the judge took the matter under advisement. Plaintiff contends that no legitimate ground for removing the action exists, and Defendants removed the action for purposes of disrupting the TRO hearing in state court. Plaintiff, therefore, seeks to recover the fees and costs it incurred as a result of the "improvident removal." Pl.'s Mot. to Remand 8.

For the reasons herein explained, the court need not address Plaintiff's request for injunctive relief because, although it determines it has subject matter jurisdiction over this action, it declines to exercise supplemental jurisdiction over the state takings claim that remains after the amendment to Plaintiff's pleadings.

## II.     Motion to Remand

Plaintiff contends that removal of this action was improper based on federal question jurisdiction because it has not alleged a federal takings claim. Plaintiff asserts that, although its pleadings reference the Fifth and Fourteenth Amendments to the Constitution in connection with its regulatory takings claim, it has not brought a claim for violation of the United States Constitution under 42 U.S.C. § 1983. Plaintiff maintains that, while it could have asserted a claim under § 1983, it did not, and absent such claim, Defendants had no right to remove its state takings claim to federal

court.[1]  In addition, Plaintiff argues that because the Texas Supreme Court has previously described a takings claim under Texas law in the context of the Fifth and Fourteenth Amendments to the Constitution, its reference in its pleadings to these Amendments to the Constitution does not convert its state takings claim into a federal takings claim:

> 12.  The Texas Supreme Court has described the legal basis of a takings claim under Texas law:
>
> > The Just Compensation Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation." This prohibition has been incorporated through the Fourteenth Amendment to apply to the individual states. . . . similarly, article I, section 17 of the Texas Constitution provides, in pertinent part, that no "person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made[.] . . ."

Pl.'s Mot. to Remand 7 (quoting *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935 (Tex. 1998)). Based on the foregoing reasoning in *Mayhew*, Plaintiff contends: "That states and local governments are bound by the Fifth Amendment does not mean that federal question jurisdiction exists over state court takings claims." *Id.* at 7.  The court disagrees, as this is a misapprehension of *Mayhew*.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman*

---

[1] For support, Plaintiff cites *Knick v. Township of Scott, Pennsylvania*, ___ U.S. ___, 139 S. Ct. 2162 (2019), for the proposition that "one who 'has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation . . . may bring his claim in federal court under § 1983.'" 139 S. Ct. at 2168. Plaintiff also asserts that the Court in *Knick* overturned its prior holding in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), requiring a party "to first seek state court relief before bringing a federal takings claim" under § 1983.  Pl.'s Orig. Pet. ¶ 10.  Plaintiff's reliance on *Knick* is misplaced, as the holding in *Knick* and portions of that opinion cited do not support its argument that a regulatory takings claim under the Fifth Amendment is only removable when the plaintiff's state court pleadings reference § 1983.

**Memorandum Opinion and Order - Page 4**

*v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

As noted, Defendants removed this action based on federal question jurisdiction. A federal question exists when "there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's "well-pleaded complaint" at the time of removal. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). "[W]hen both federal and state remedies are available, [a] plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." *Id.* Likewise, an "oblique reference" in the plaintiff's pleadings to a "violation of unspecified federal laws" is an insufficient basis for removal based on federal question jurisdiction. *Id*.

Here, although Plaintiff's pleadings before removal do not reference § 1983, they specifically refer to the Fifth and Fourteenth Amendments to the United States Constitution, in addition to

**Memorandum Opinion and Order - Page 5**

Article I, section 17 of the Texas State Constitution to support their takings claim(s).[2] Thus, this is not a situation in which a plaintiff has made a passing reference in its pleadings to an unspecified federal law while seeking relief, for example, for a tort that is only available under state law. In addition, the reference to Fifth and Fourteenth Amendments to the United States Constitution is not included merely to describe Plaintiff's takings claim under the Texas Constitution as Plaintiff seems to suggest in its Motion to Remand by quoting *Mayhew*. Instead, the reference to the federal constitution is set forth in a separate paragraph in which it defines a takings claim under the Fifth Amendment without reference to the Texas Constitution. *See* Pl.'s Orig. Pet. ¶¶ 21-22. Moreover, *Mayhew* involved both federal and state takings claims. Plaintiff also refers to the takings provisions under the two constitutions collectively as the "Takings Clause." *Id.* ¶ 23 ("[T]hese constitutional provisions are known as the 'Takings Clause.'"). While it is not uncommon for Texas courts to look to federal takings cases for guidance in applying their own constitution,[3] the rights created by the federal and Texas constitutions with respect to takings are not identical.[4]

Accordingly, after considering the allegations in Plaintiff's Original Petition, the court had predetermined that removal based on federal question jurisdiction was proper; however, the court

---

[2] As noted in Plaintiff's Original Petition, under the Fifth Amendment's takings clause, which is applicable to the states via the Fourteenth Amendment, private property may not be taken for public use without "just compensation." Pl.'s Orig. Pet. ¶ 22 (quoting U.S. Const. amend. V). Plaintiff also alleges that, under Article I, section 17 of the Texas Constitution, "[n]o person's property shall be taken damaged, or destroyed for or applied to public use without adequate compensation." *Id.* ¶ 23 (quoting Tex. Const. art. I, § 17(a).

[3] *Sheffield Dev. Co., Inc. v. City of Glenn Heights*, 140 S.W.3d 660, 674 (Tex. 2004).

[4] *See* Jadd F. Masso, *Mind the Gap: Expansion of Texas Governmental Immunity Between Takings and Tort*, 36 St. Mary's L.J. 265, 272-73 & nn.51-56 (2005) (discussing the origins of the takings clause in the Texas Constitution and explaining: "The differences in language between the federal and the Texas Bill of Rights are anything but happenstance. The drafters of the 1876 Texas Constitution specifically refused to follow the federal Bill of Rights as a model. The framers carefully drew and debated each section of Article 1. . . . As a result, the [Texas Supreme] [C]ourt has held that even when provisions are identical in the state and federal constitutions, the Texas provision may result in a different outcome due to the broader protections afforded by the Texas Bill of Rights as a whole.") (citations omitted).

**Memorandum Opinion and Order - Page 6**

allowed Plaintiff to file an amended complaint because it knew, for the following reasons, that the exercise of supplemental jurisdiction would not be warranted. As the court had subject matter jurisdiction at the time of removal, and still does, Plaintiff is not entitled to have this action remanded for lack of jurisdiction, and its Motion to Remand on this ground will be denied.

**III.     Supplemental Jurisdiction**

As noted, Plaintiff filed an Amended Complaint that removes all references to the United States Constitution, leaving only its state law takings claim. A pleading amendment post-removal that removes all federal claims does not divest the federal court of jurisdiction and require remand to state court. *16 Front St., L.L.C. v. Mississippi Silicon, L.L.C.*, 886 F.3d 549, 559 (5th Cir. 2018). A district court has discretion, however, "to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based." *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (citation omitted). A district court abuses its discretion in retaining jurisdiction over remaining state law claims when, as here, the plaintiff removes all federal claims during the "infancy" of the case after removal. *See Enochs v. Lampasas Cty.*, 641 F.3d 155, 159-63 (5th Cir. 2011) (concluding that the district court erred in not remanding the action after allowing the plaintiff to remove his sole federal claim). In reaching this conclusion, the Fifth Circuit reasoned that "the balance of the statutory and common law factors weigh[ed] heavily in favor of remand," and "courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law." *Id.* at 162-63.

The statutory factors are set forth in 28 U.S.C. § 1367(c), which states that district courts may decline to exercise supplemental jurisdiction over a claim when:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The court also considers common law factors, including judicial economy, convenience, fairness, and comity, in deciding whether to exercise supplemental jurisdiction over Plaintiff's state takings claim or remand this action. *Enochs*, 641 F.3d at 159.

Consideration of the foregoing factors weighs in favor of not retaining jurisdiction over Plaintiff's remaining takings claim under the Texas Constitution. The first three factors favor remand: (1) Plaintiff's takings claim concerns a novel Texas state law issue, that is, the effect of an order entered by Dallas County Judge Clay Jenkins, pursuant to Texas Government Code § 418.108, requiring the closure of all nonessential business to protect public safety by slowing the spread of the novel COVID-19 virus; (2) the Texas state law predominates over the federal takings claim that was removed by pleading amendment; (3) the court did not dismiss Plaintiff's federal takings claim, but it is no longer before the court as a result of Plaintiff's decision to amend its pleadings; and (4) consideration of the common law factors favors remand and constitutes a compelling reason to decline jurisdiction. Specifically, the action was only filed approximately one week ago and immediately removed the following day; no discovery has occurred; no scheduling order has been entered; no hearings have been scheduled in this court; and the court has not addressed the merits of any claim or defense asserted by the parties. Moreover, the state court is in a better position than this court to address the state law issues raised and, according to Plaintiff's Motion to Remand, has already conducted a hearing on its request for a TRO. Additionally, the court determines that remand of this action to state court will not financially inconvenience either party or prejudice

Defendants because it will be just as convenient to have the case heard in state court in Dallas County where all the parties and businesses at issue are located. Finally, the court is not aware of any exceptional circumstances that might compel it to retain jurisdiction.

Because the court determines that the balance of statutory and common law factors weighs in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claim, it *sua sponte* concludes that remand of this action is appropriate, even though it denied Plaintiff's request to remand the action to state court for lack of subject matter jurisdiction.

## IV.  Conclusion

For the reasons explained, the court **concludes** that it has subject matter jurisdiction over this action, as removal of the action by Defendants based on federal question jurisdiction and supplemental jurisdiction was proper. The court, therefore, **denies** Plaintiff's Emergency Motion to Remand (Doc. 6), which was based solely on its contention that the court lacked jurisdiction as a result of the allegedly improper removal of the action by Defendants.

For the same reason, the court **denies** Plaintiff's request to recover attorney's fees incurred in filing its Motion to Remand. Moreover, even if the court had determined that removal of the case based on federal question jurisdiction should not have occurred, it would not have allowed Plaintiff to recover the fees and costs it incurred in moving to remand the action, as the confusion created by Plaintiff's state court pleadings and reference to the Fifth and Fourteenth Amendments to the United States Constitution in support of its regulatory takings claim justified and precipitated the removal of this case by Defendants. In other words, Defendants had an "objectively reasonable basis" for removing the action to federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Defendants did nothing that was

**Memorandum Opinion and Order - Page 9**

legally improper.  Plaintiff created the tangled web that the court had to unravel, which is why it allowed Plaintiff to file an amended pleading.

The court, however, **directs** the clerk of the court to remand this action to the 193rd Judicial District Court, Dallas County, Texas, from which it was removed, pursuant to Title 28, United States Code, § 1367(c), as it **declines** to exercise supplemental jurisdiction over Plaintiff's state takings claim, which is all that remains after Plaintiff amended its pleadings to remove all references to the United States Constitution.  Because Plaintiff was allowed to and voluntarily elected to amend it pleadings to remove all reference to the United States Constitution, it will be judicially estopped from later asserting a takings claim under the federal constitution in state court.[5]  The court also **declines** to address Plaintiff's request for a TRO and other injunctive relief.  These matters will be decided by the judge of the 193rd Judicial District Court to which it is hereby **remanded**.  The remand **shall** be effected in accordance with the usual procedure.

**It is so ordered** this 23rd day of April, 2020.

Sam A. Lindsay
United States District Judge

---

[5] Judicial estoppel is an equitable doctrine, the purpose of which is "to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Cox v. Richards*, 761 F. App'x 244, 246 (5th Cir. 2019) (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004), and quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). "Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (quoting *In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013)).